UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| ALMA CANADA-NEAL, | ) |
| | ) |
| Plaintiff, | )   Case No. 1:08-cv-232 |
| | ) |
| v. | )   Honorable Janet T. Neff |
| | ) |
| DELTA AIRLINES, INC., et al., | ) |
| | )   **MEMORANDUM OPINION** |
| Defendants. | ) |
| _____ | ) |

This is a personal injury action. The matter was initiated in the Berrien County Circuit Court and removed by defendants to this court under this court's diversity jurisdiction. Plaintiff, who is 89 years of age, alleges that the defendant airlines failed to provide her with wheelchair assistance in connection with a March 29, 2007 trip from Fort Lauderdale, Florida. Plaintiff alleges that as a result of the neglect of defendants' agents, she was required to use a moving sidewalk. Plaintiff fell, sustaining a broken leg. Plaintiff's first amended complaint (docket # 28) alleges claims of negligence and wilful and wanton misconduct.

Presently pending before the court is plaintiff's motion for leave to file a second amended complaint. The proposed second amended complaint would add count III, asserting breach of contract. This claim arises from an alleged agreement reached at the time of plaintiff's ticket purchase, at which she requested wheelchair assistance. Defendants strenuously oppose the motion to amend as untimely and futile. District Judge Janet T. Neff has referred this nondispositive matter to me for decision pursuant to 28 U.S.C. § 636(b)(1)(A). Upon review of the record, I conclude that

plaintiff should be allowed to amend under the liberal amendment standards of Fed. R. Civ. P. 15(a) and that defendants' objections are meritless.

## Discussion

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend "should be freely given when justice so requires." The Sixth Circuit "has held that a number of factors should be considered, including '[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment....'" *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x. 418, 425 (6th Cir. 2008)(quoting *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir.2001)). "Although Federal Rule of Civil Procedure 15(a)(2) provides that a court 'should freely give leave [to amend a complaint] when justice so requires,' the right to amend is not absolute or automatic. The district court has discretion in determining whether to permit an amendment, and its decision will be overturned only if it has abused that discretion." *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008) (internal citations and quotation omitted).

Defendants assert that the second amended complaint is both untimely and futile. Defendants' allegation of untimeliness borders on the frivolous. On August 28, 2008, Judge Neff entered a case management order providing, among other things, that motions to join parties or amend pleadings could be filed until November 1, 2008. (Case Management Order, docket # 58, p. 1). Plaintiff's motion for leave to file a second amended complaint was filed on October 31, 2008, before the expiration of this deadline. *Ipso facto*, the motion is timely. If defendants believed that

a November 1 deadline for amendment of pleadings would somehow be prejudicial to the orderly progression of this case, they should have raised the point at the time of the case management conference. Furthermore, under clear Sixth Circuit law, an assertion of untimeliness, standing alone, is insufficient to deny leave to amend. *See Security Ins. Co. of Hartford v. Kevin Tucker & Assoc.*, 64 F.3d 1001, 1009 (6th Cir. 1995); *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986); *Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982). Rather, a party asserting delay must also show "significant prejudice." *Security Ins. Co.*, 64 F.3d at 1009. Defendants attempt to make an argument in favor of prejudice, but the argument falls flat. Discovery in this case is open until February 25, 2009. Defendants therefore have an ample opportunity to pursue discovery on plaintiff's breach of contract theory, which does not add appreciable complexity to the case. Any resulting frustration of defendants' expressed desire to spend the rest of the discovery period on issues of expert testimony and damages does not demonstrate prejudice sufficient to deny leave to amend.

Defendants' futility argument fares no better. A motion for leave to amend may be denied on grounds of futility if the court concludes that the pleading as amended could not withstand a motion to dismiss. *See Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). In adjudicating a claim of futility, the court should use the standard applicable to motions to dismiss under Rule 12(b)(6). *See Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2008); *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980). Under this standard, the court must accept as true all well pleaded factual allegations and construe the complaint in a light most favorable to plaintiff. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). The court must determine "whether the plaintiff undoubtedly can prove

no set of facts in support of [her] claims that would entitle [her] to relief." *Id.* Defendants completely ignore the applicable standard and instead engage in a challenge to the sufficiency of the evidence supporting plaintiff's proposed contract claim. Defendants argue that "plaintiff has not cited to a **single piece** of specific evidence showing that a breach of contract claim possibly exists under the circumstances." (Brief, docket # 90, at 1) (emphasis in original). They attach a copy of plaintiff's deposition, in violation of the universal rule that a motion to dismiss must be based upon the four corners of the pleading and cannot rely on outside evidence such as deposition transcripts. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). Rather than accepting all well-pleaded facts as true, defendants attempt to transform a simple motion for leave to amend into a summary judgment exercise. Defendants invite this court to commit reversible error under settled Sixth Circuit authority. In *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000), the court held that the only proper inquiry is whether the proposed amendment would withstand a Rule 12(b)(6) motion. The test for futility "does not depend on whether the proposed amendment could possibly be dismissed on a motion for summary judgment." *Id.* at 421. Defendants' strenuous argument concerning the sufficiency of the evidence to support the breach of contract claim is therefore misplaced and premature. The only issue before the court is whether the amendment, under familiar Rule 12(b)(6) standards, alleges a legally cognizable claim, not whether that claim is borne out by the facts. The proposed amendment easily passes muster under Rule 12(b)(6) standards.

Defendants' opposition to plaintiff's timely motion for leave to file a second amended complaint is an exercise in aggressive lawyering. Defendants have unduly complicated what should be a simple inquiry under Rule 15(a). Plaintiff's counsel, rising to the bait, has sought leave to file

a reply brief, supported by twenty pages of attachments, in support of the motion for leave to amend. The reply brief is unnecessary, as it addresses issues unnecessarily injected into this proceeding by defendants' brief. The motion for leave to amend will be granted, and the motion for leave to file a reply brief will be denied as moot.

Dated: December 3, 2008              /s/  Joseph G. Scoville
                                     United States Magistrate Judge